**Ex parte Jack RUBY.**

**No. 39613.**

Court of Criminal Appeals of Texas.

May 18, 1966.

Phil Burleson, Dallas, Sam Houston Clinton, Jr., Austin, William M. Kunstler, New York City, Elmer Gertz, Chicago, Ill., Sol A. Dann, Detroit, Mich., for appellant.

Henry Wade, Dist. Atty., William F. Alexander, Al Alsup and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is a habeas corpus proceeding.

The petition was presented to Hon. Louis T. Holland, Judge of the 97th Judicial District of Texas, who was sitting for the Judge of the Criminal District Court No. 3 of Dallas County. Judge Holland granted the writ and after hearing denied the relief prayed for and remanded the petitioner to the custody of the Sheriff of Dallas County "for the sake of allowing petitioner appellate review." This is an appeal from such order.

Jack Ruby is in the custody of the Sheriff of Dallas County, as the law requires him to be for this court to have jurisdiction of his appeal from his conviction, with punishment assessed at death, which is pending before this court in our Cause No. 37,900 styled Jack Rubenstein, alias Jack Ruby v. State of Texas.

This court is and has been since February 24, 1965, ready, able and willing to hear, consider and decide the questions raised in said appeal in Cause No. 37,900, including the question of the claim of denial of due process and the validity of the judgment of conviction.

Controversy continues as to whether Hon. Joe Tonahill, one of appellant's trial counsel, should be permitted to represent him on appeal from his conviction for murder.

Judge Holland has indicated his readiness to impanel a jury and determine the question of appellant's present sanity or insanity. He is directed to do so without further delay and to certify to this court the result of such hearing.

At such hearing appellant's trial attorney the Hon. Joe Tonahill as well as counsel representing appellant in this habeas corpus proceeding shall be given the opportunity to present any competent evidence relative to appellant's present sanity.

The writ of habeas corpus is not available to secure a judicial determination of any question which, even if determined in the prisoner's favor, could not result in his immediate discharge.

The judgment remanding appellant to the custody of the Sheriff of Dallas County is affirmed.

No motion for rehearing will be entertained.