**Ex parte Andrea Louise HEADRICK.**

**No. 2–96–080–CR.**

Court of Appeals of Texas,
Fort Worth.

July 10, 1997.

George Trimber, Trimber & McAfee, P.C., Richard Alley, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall, Charles M. Mallin, Assistant Chiefs of the Appellate Section, Debra Ann Windsor, Sandy Lawrence, Ken Cutrer, Assistants, Fort Worth, for Appellee.

Before DAUPHINOT, H. TOD WEAVER (Retired, Sitting by Assignment) and CHUCK MILLER (Sitting by Assignment), JJ.

## OPINION ON REHEARING

PER CURIAM.

The question raised by Appellant's single point of error in this appeal is whether the State is collaterally estopped from relitigating the issues of reasonable suspicion and probable cause for Appellant's stop and arrest on a charge of driving while intoxicated (DWI) because of a decision made by an administrative law judge at a driver's license suspension hearing based on Appellant's breath test refusal.[1] We hold that the State is not collaterally estopped from relitigating the issues of reasonable suspicion and probable cause; therefore, the trial court did not abuse its discretion in denying habeas corpus relief. We affirm the order of the trial court.

After her arrest on March 30, 1995, Appellant refused to submit to a breath test. The Department of Public Safety filed a petition to suspend Appellant's driver's license because of that refusal. The administrative law judge who presided at the suspension hearing on June 7, 1995 found that reasonable suspicion to stop Appellant did not exist and ordered that the Department was not authorized to suspend or deny her license.

Appellant subsequently filed an application for a pretrial writ of habeas corpus, claiming the State was collaterally estopped from relitigating the issues previously adjudicated in her favor by the administrative law judge. The trial court entered a order denying the habeas corpus relief requested by Appellant, and it is from that order that Appellant has perfected this appeal.

The Texas Legislature has specifically provided that the State is not collaterally estopped from relitigating issues determined by an administrative law judge at a suspension hearing arising out of a person's refusal to take a breath test. The controlling statute at the time of Appellant's hearing provided:

---

1. This court previously withdrew its opinion of June 27, 1996 in this cause.

The determination of the department or administrative law judge is a civil matter, is independent of and is not an estoppel as to any matter in issue in an adjudication of a criminal charge arising from the occurrence that is the basis for the suspension or prohibition, and does not preclude litigation of the same or similar facts in a criminal prosecution.[2]

Because the legislature specifically provided that collateral estoppel would not arise from the decisions of administrative law judges in cases involving breath test refusals, we hold that the trial judge did not abuse his discretion in denying habeas corpus relief.

We affirm the order of the trial court.

James Kuboviak, County Attorney, Bradford F. Clark, Asst. County Attorney, Bryan, for appellant.

Jim W. James, Bryan, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

2. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3526, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1870–71 (current version at TEX. TRANSP. CODE ANN. § 724.048(a) (Vernon Pamph.1997)).