**Ex parte Marvin Dewain RICHARDS.**

**No. 13–98–040–CR.**

Court of Appeals of Texas, Corpus Christi.

April 30, 1998.

Logene L. Foster, Foster, Pope & Orsak, Sugar Land, for Appellant.

Josh McCown, District Attorney, for Appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and CHAVEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Marvin Dewain Richards appeals from the denial of a petition for writ of habeas corpus. By his three points of error, Richards contends the District Attorney of Wharton County, Texas ("D.A.") is collaterally estopped from relitigating findings of fact made by an administrative law judge ("ALJ") during a license suspension hearing. We affirm.

Richards was arrested on June 27, 1997, and charged with driving while intoxicated ("DWI").[1] He consented to having a specimen analyzed for alcohol. Richards' license was subsequently suspended by the Texas Department of Public Safety ("DPS") when the analysis indicated he was legally intoxicated at the time of his arrest. Pursuant to chapter 524 of the transportation code, Richards requested an administrative hearing. *See* TEX. TRANSP. CODE ANN. §§ 524.012(d),[2] 524.031 (Vernon Pamph.1998). The hearing was held on August 26, 1997, before an ALJ. DPS and Richards were each represented by counsel. When DPS attempted to introduce documentation to support the suspension, including the investigating officer's offense report, the DWI Statutory Warning form, and the affidavit of the breath test technical supervisor, Richards objected on the grounds that DPS had failed to timely produce these documents as requested. The ALJ sustained the objections, ruled the documents inadmissible, and because DPS introduced no other evidence, ordered that Richards' license not be suspended. The inadmissible documents were placed in the record as an offer of proof by DPS.

Richards then filed a pretrial petition for writ of habeas corpus in the DWI case. He contended that the ALJ's findings collaterally estopped the D.A. from relitigating the facts necessary to prove the elements of the DWI charge against him. The petition sought dismissal of the prosecution. During the habeas corpus hearing, the ALJ's decision and the record from the administrative hearing were admitted into evidence in support of the petition, and Richards briefly testified. The D.A. argued that the petition should be denied because the ALJ had made no findings of fact as no evidence was pre-

---

1. TEX. PENAL CODE ANN. § 49.04 (Vernon 1994 & Supp.1998).

2. Although § 524.012 was amended effective September 1, 1997, no change was made to this specific subsection. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1013, § 23, 1997 Tex. Gen. Laws 3686, 3695. Thus, we cite to the current version.

sented. The trial court denied the petition. Richards did not request, and the trial court did not make, any findings of fact or conclusions of law.

By three points of error, Richards contends the trial court erred in denying his petition for writ of habeas corpus because the D.A. is collaterally estopped from relitigating the issues of probable cause or reasonable suspicion to arrest and whether he had an alcohol concentration of a level specified by the penal code while operating a motor vehicle. Richards relies on the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 14 of the Texas Constitution.

■ Whether to grant a petition for habeas corpus lies within the discretion of the trial court, and the exercise of that discretion will not be disturbed unless clearly abused. *Ex parte Pipkin,* 935 S.W.2d 213, 215 (Tex. App.—Amarillo 1996, pet. filed); *Ex parte Ayers,* 921 S.W.2d 438, 441 (Tex.App.—Houston [1st Dist.]1996, no pet.); *see McCulloch v. State,* 925 S.W.2d 14, 15 (Tex.App.—Tyler 1995, pet. ref'd). Whether discretion was so abused depends upon whether the trial court acted without reference to any guiding principles or rules. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990). We not only accord great deference to the trial court's findings and conclusions, but also view the evidence in the light most favorable to its ruling. *McCulloch,* 925 S.W.2d at 15–16.

■ The constitutions of the United States and Texas provide substantially identical double jeopardy protections. *Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App. 1990); *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). The doctrine of collateral estoppel is one of the protections included within the guarantee against double jeopardy and provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated." *Ashe v. Swenson,* 397 U.S. 436, 442, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *State v. Aguilar,* 947 S.W.2d 257, 259 (Tex.Crim.App.1997).

■ That a license revocation proceeding is administrative in nature does not preclude the applicability of collateral estoppel[3] in a criminal proceeding. *Aguilar,* 947 S.W.2d at 259. Whether a factual finding made during a prior administrative proceeding creates a collateral bar to a contrary factual finding in a later criminal proceeding must be determined on a case by case basis. *Id.* To be entitled to a collateral bar, a defendant must establish: (1) a full hearing at which the parties had an opportunity to thoroughly and fairly litigate the relevant fact issue; (2) the fact issue must be the same in both proceedings; and (3) the fact finder must have acted in a judicial capacity. *Id.* at 259–60.

■ In order to suspend a driver's license when a person consents to the taking of a specimen, an ALJ must determine whether DPS has established by a preponderance of the evidence (1) that the person had an alcohol concentration, as specified by the penal code, while operating a motor vehicle in a public place and (2) that there was reasonable suspicion to stop or probable cause to arrest. TEX. TRANSP. CODE ANN. § 524.035(a)(1)(A), (2) (Vernon Pamph.1998).[4] To convict Richards of DWI, the D.A. must prove beyond a reasonable doubt that Richards was intoxicated while driving or operating a motor vehicle in a public place. *See*

---

**3.** We note the court of criminal appeals' holding in *Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim. App.1996), that a license suspension is not punishment for the purposes of double jeopardy. Although some courts have held that collateral estoppel, as embodied in the Double Jeopardy Clause, must also involve the risk of multiple prosecutions or punishments, *see Ex parte Pipkin,* 935 S.W.2d 213, 215–16 (Tex.App.—Amarillo 1996, pet. filed), we believe the better reasoned approach is to give effect, as we must, to *Tharp* and *Aguilar.* Clearly, if the inapplicability of double jeopardy in license suspension cases barred a defendant from claiming collateral estoppel, then the court of criminal appeals would have so stated in *Aguilar* without setting forth the requisites for establishing collateral estoppel.

**4.** Other than renumbering former paragraph (1) as (1)(A), no substantive changes were made to the relevant provisions of this statute by amendments effective September 1, 1997. *See* Act of May 30, 1997, 75th Leg., R.S., ch. 1013, § 27, 1997 Tex. Gen. Laws 3686, 3696. Therefore, we cite the current version.

TEX. PENAL CODE ANN. § 49.04(a) (Vernon 1994). Neither reasonable suspicion to stop nor probable cause to arrest are elements of a DWI conviction. *Id.* In this case, these issues would be relevant only to an attempt, if any,[5] by Richards' to suppress evidence obtained as a result of an illegal arrest.

The record reflects that the ALJ made no specific findings as required by section 524.035 of the transportation code. Instead of indicating on the Administrative Decision form whether Richards had an illegal alcohol concentration while operating a motor vehicle in a public place, or whether there was reasonable suspicion to stop or probable cause for an arrest, a diagonal line was drawn across seven preprinted findings of fact in Section A. The ALJ checked the box for "other findings of fact" and attached an explanation to the decision form. The explanation states:

> (8) On the preliminary question of admissibility of the Department's offer of the peace officer's sworn report, the statutory warning form, and other documents, Defendant requested discovery from the Department by written letter and did not receive the Department's response timely. The Defendant did not receive a response to his July 11 discovery request until August 1, 1997.[6]

Section B of the form states: "Having considered the evidence, the Judge finds the following issues/element(s) were not proven by a preponderance of the evidence: No evidence was received on any issue as the only evidence offered was excluded on the basis of defendant's objection under 1 TEX. ADMIN. CODE § 159.13(1)." The ALJ concluded the evidence was insufficient to establish all the issues/elements required and denied the suspension of Richards' license.

Recently, the court of criminal appeals held in *State v. Brabson,* that DPS and a

D.A. are not the same party for the purposes of collateral estoppel. 966 S.W.2d 493, 496 (Tex.Crim.App.1998). Also recently, in *State v. Aguilar,* 947 S.W.2d at 260, the court of criminal appeals held that the issue of probable cause was not directly addressed because DPS was unable to produce a mislaid officer's report which stated the basis for the arrest. The ALJ's ruling was to be construed as no documentation to indicate the basis for the arrest and not as a finding of no probable cause. *Id.*

In reading these two cases together, we conclude the D.A. is not precluded by the ALJ's decision from litigating the elements of the DWI offense. The D.A. is not the same party as DPS and is not responsible for actions taken by DPS during the course of license suspension proceedings. Thus, the D.A. should not be prevented from prosecuting Richards solely because DPS failed to timely produce requested discovery materials. In addition, the ALJ's decision to deny the suspension was not based on the substantive findings required by section 524.035. Instead, the ALJ ruled against suspension because DPS failed to comply with its own administrative requirements. The issues of alcohol concentration, reasonable suspicion, and probable cause were not fully litigated.

Because Richards failed to establish the requisites of collateral estoppel, the trial court did not abuse its discretion. We overrule Richards' three points of error.

The judgment of the trial court is affirmed.

---

5. The record does not reflect that such a motion was filed. If Richards' sole contention had been that the D.A. was estopped from relitigating reasonable suspicion or probable cause, a request for a writ of habeas corpus would not be appropriate because a finding in his favor on this issue would not result in his immediate discharge. *See Ex parte Ruby,* 403 S.W.2d 129, 130 (Tex.Crim. App.1966); *Ex parte Alt,* 958 S.W.2d 948, 952 (Tex.App.—Austin 1998, no pet. h.); *Gorman v.*

*State,* 945 S.W.2d 275, 276 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (writ not available to secure a judicial determination of any issue not resulting in immediate release).

6. DPS had to respond within five days of receiving Richards' discovery request. 1 TEX. ADMIN. CODE § 159.13(1).