**Andrea Louise HEADRICK**

v.

**The STATE of Texas.**

**Ex parte Andrea Louise Headrick**

**No. 1082–97.**

Court of Criminal Appeals of Texas, En Banc.

March 10, 1999.

---

George Trimber, Richard Alley, Fort Worth, for appellant.

Debra Ann Windsor, Assistant DA, Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MEYERS J., delivered the opinion of the Court, in which McCORMICK, P.J., and MANSFIELD, KELLER, WOMACK, JOHNSON, and KEASLER, JJ., joined.

### I.

Appellant was arrested for driving while intoxicated. The following day, a misdemeanor information charging her with the offense of driving while intoxicated was filed. On June 7, 1995, an administrative law judge concluded that the Department of Public Safety had failed to prove the arresting officer had probable cause to stop Appellant. As such, Appellant's drivers license was not suspended. Appellant then filed a motion to suppress the evidence in the driving while intoxicated prosecution, asserting the State was collaterally estopped from litigating the issues of reasonable suspicion and probable cause due to the conclusions of the administrative law judge. The trial judge denied that motion. Appellant then filed an application for a writ of habeas corpus, alleging the trial judge should have granted her motion because the administrative finding of no probable cause estopped the State from proving that reasonable suspicion existed to arrest her. The trial judge denied Appellant's writ.

Appellant appealed to the Second Court of Appeals and the State moved to dismiss. The court of appeals dismissed the appeal on June 27, 1996.[1] Appellant filed a motion for rehearing, and on September 20, 1996 the court granted that motion and withdrew its prior opinion. On July 10, 1997, the court issued a new opinion[2] affirming the trial judge's denial of appellant's application for writ of habeas corpus. *Ex parte Headrick*, 948 S.W.2d 554 (Tex.App.—Fort Worth 1997, pet. granted). We granted Appellant's petition for discretionary review, as well as the State's petition for discretionary review. We conclude the State's second ground for review, which asks whether an application for a pretrial writ of habeas corpus is the appropriate vehicle by which to raise a claim of collateral estoppel, should be answered in the negative.[3]

1. In its original opinion, the court of appeals incorrectly concluded that it lacked jurisdiction to consider the appeal.

2. In its revised opinion, the court of appeals addressed the merits of Appellant's appeal without addressing whether a claim of collateral estoppel is properly raised on application for a pretrial writ of habeas corpus.

3. In her dissenting opinion, Judge Holland remarks that "It serves no purpose for this Court to decide whether a motion to suppress or a pretrial writ of habeas corpus is the more appropriate vehicle to raise a claim, when this Court has decided there is no merit to that claim." Holland, J., dissenting; slip op. at 2.

The dissent fails to recognize that the issue presented in this case is not mooted by our past decisions. The dissent points out that in *State v. Brabson*, 976 S.W.2d 182 (Tex.Crim.App.1998) we held administrative law judges did not have authority to make findings on probable cause to

## II.

■ In its second ground for review, the State asserts the court of appeals erred in addressing the merits of Appellant's claim. Essentially, the State argues that under circumstances present in this case—the absence of a double jeopardy problem—courts should not address collateral estoppel in a pretrial application for writ of habeas corpus. We agree.

■ The writ of habeas corpus is an extraordinary writ; neither a trial court nor an appellate court should entertain an application for writ of habeas corpus where there is an adequate remedy at law. *Ex parte Hopkins,* 610 S.W.2d 479, 480 (Tex.Crim. App.1980); *Ex parte Powell,* 558 S.W.2d 480, 481 (Tex.Crim.App.1977); *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978). An applicant must be restrained illegally to be entitled to relief. *Ex parte Strother,* 395 S.W.2d 629, 630 (Tex.Crim.App.1965); *Ex parte Rios,* 385 S.W.2d 677, 678 (1965). Habeas corpus is not appropriate where resolution of the question presented, even if resolved in favor of the applicant, would not result in immediate release. *Ex parte Ruby,* 403 S.W.2d 129, 130 (Tex.Crim.App.1966).

■ Collateral estoppel is closely related to the Fifth Amendment guarantee against double jeopardy. As the United States Supreme Court stated, " '[c]ollateral estoppel' is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In *Ashe,* the defendant had been acquitted of

armed robbery of a poker player because there was not enough evidence to establish identity. The same defendant was prosecuted a second time for armed robbery of a different poker player at the same game. In that case there had been a final judgment determining an issue of ultimate fact, namely whether Ashe was one of the robbers at the poker game. In situations like *Ashe,* it is appropriate to apply for pretrial writ of habeas corpus advancing arguments concerning collateral estoppel and constitutional double jeopardy violations. *Ex parte Robinson,* 641 S.W.2d 552, 555 (Tex.Crim.App.1982). This is because the right not to be tried twice for the same offense would be meaningless if it could not be raised before the commencement of the second trial. *Id.*

The present case, however, does not present a double jeopardy question. The State and Appellant agree that even if Appellant were entitled to the relief she seeks, the State would not be prevented from pursuing the pending prosecution for driving while intoxicated. Under these circumstances, collateral estoppel is an evidentiary issue not properly raised in an application for a pretrial writ of habeas corpus. Appellant has an adequate remedy at law, which is to raise the denial of her pretrial motion to suppress on direct appeal, if convicted. The relief Appellant requests underscores the fact this is a matter inappropriately raised on habeas. Appellant seeks an order reversing the judgments of the lower courts, setting aside the trial judge's order denying Appellant's motion to suppress, and requiring the trial judge to grant Appellant's motion.

We conclude that collateral estoppel claims not alleging constitutional double jeopardy violations are not cognizable on application for pretrial writ of habeas corpus. In such cases there is an adequate remedy at law,

arrest under article 67011–5, and that there was no privity between the prosecutor's office and the Department of Public Safety. These points, however, go to the merits of the claim. The point of today's holding is that it is inappropriate to reach the merits via the procedure Appellant employed. Pre-trial habeas corpus does not lie on a mere admissibility issue, even if the ALR hearing met the *Brabson* requirements.

We have held a full and fair hearing is a prerequisite for a claim of collateral estoppel.

*See State v. Aguilar,* 947 S.W.2d 257 (Tex.Crim. App.1997). Even after a full and fair hearing, a party invoking the collateral estoppel doctrine must meet the *Brabson* requirements, among others. Each requirement is a necessary precondition to invocation of the doctrine. If a party wishes to invoke collateral estoppel in an application for a pretrial writ of habeas corpus, that party must do more than make a claim for exclusion of evidence.

and the proper procedure is to raise the collateral estoppel issue on direct appeal. We sustain the State's second ground for review and dismiss the State's other ground for review, as well as Appellant's grounds for review.

We vacate the judgment of the court of appeals and remand this cause for disposition in accordance with this opinion.

HOLLAND, J., delivered a dissenting opinion, in which PRICE, J., joined.

HOLLAND, J., filed a dissenting opinion in which PRICE, J., joined.

I dissent to the majority's decision to vacate the judgment of the court of appeals. I do not agree with the majority that the State's second ground for review is dispositive of this case. I believe the State's question of whether "an application for a pre-trial writ of habeas corpus is the appropriate vehicle by which to raise a claim of collateral estoppel" is moot. Pursuant to our decision in *State v. Brabson*, 976 S.W.2d 182 (Tex. Crim.App.1998), appellant had no valid claim of collateral estoppel to raise in either a pre-trial writ of habeas corpus or in a pre-trial motion to suppress. It serves no purpose for this Court to decide whether a motion to suppress or a pre-trial writ of habeas corpus is the more appropriate vehicle to raise a claim when this Court has decided there is no merit to that claim.

In *State v. Brabson*, this Court concluded, "Article 6701l–5, Section 2(f), does not authorize the administrative judge to make findings on the issue of probable cause for an arrest nor does it put the "State" on notice that this issue may be litigated at the administrative hearing. This is important for collateral estoppel purposes because the question of whether probable cause existed that appellee operated a mo-

tor vehicle while intoxicated is a different question from whether probable cause existed for his arrest. Cf. *Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex.Cr.App.1989) (whether probable cause to believe the defendant had been driving while intoxicated existed at the time the police requested a blood or breath specimen from the defendant is not an issue of ultimate fact in the defendant's prosecution for driving while intoxicated). Resolution of the former question does not necessarily resolve the latter question...."

"Therefore, it cannot be said the issue of probable cause for appellee's arrest was "properly before" the administrative judge or that the "State" had an "adequate opportunity" to litigate that issue at the administrative proceeding.... Based on the foregoing, the administrative judge's finding of no probable cause for appellee's arrest does not preclude the "State" from litigating that issue in the criminal proceeding."

*State v. Brabson*, 976 S.W.2d, at 185. An administrative judge's decision whether probable cause existed that appellant operated a motor vehicle while intoxicated does not collaterally estop the State from litigating the issue of probable cause to arrest in the criminal proceeding. It does not matter if a defendant raises the issue in a pre-trial writ of habeas corpus or in a pre-trial motion to suppress.[1] There is no collateral estoppel on this issue.

In light of our decision in *Brabson*, it is not necessary for this Court to address whether the Court of Appeals erred in addressing the merits of appellant's claim of collateral estoppel. There was no collateral estoppel claim for appellant to raise in either the district court or the Court of Appeals. In the future, if a defendant has raised and lost a meritori-

---

1. In *State v. Brabson*, the defendant raised the collateral estoppel issue in a pre-trial motion to suppress. In a recent decision, the Corpus Christi Court of Appeals dealt with a claim of collateral estoppel which was raised in a pre-trial writ of habeas corpus in a prosecution for driving while intoxicated. Relying on our decision in *Brabson*, the Court of Appeals concluded "the D.A. is not precluded by the A.L.J.'s decision from litigating the elements of the DWI offense.

The D.A. is not the same party as the D.P.S...." *Ex parte Richards*, 968 S.W.2d 567, 570 (Tex. App.—Corpus Christi 1998)(*pet.ref.'d*). Though decisions of the lower courts of appeals are not controlling on this Court, I agree that there is no issue of collateral estoppel to be raised in a driving while intoxicated prosecution from a decision by an administrative law judge in a license revocation proceeding.

ous claim of collateral estoppel prior to trial in a district court, and then has brought that appeal to the Court of Appeals, it could be necessary and appropriate for this Court to decide whether the Court of Appeals erred in addressing the merits of that claim. I would dismiss both the State and appellant's petitions for discretionary review as improvidently granted.

I respectfully dissent to the majority's decision to do otherwise.