**Ex parte Andrea Louise HEADRICK.**

**No. 2–96–080–CR.**

Court of Appeals of Texas,
Fort Worth.

July 15, 1999.

Trimber & McAfee, P.C.; George Trimber; and Richard Alley, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles Mallin, Assistant Chiefs of the Appellate Section, and Debra Ann Windsor, Sandy Lawrence and Ken Cutrer, Assistants, Fort Worth, for Appellee.

Panel S: DAUPHINOT and RICHARDS, JJ.; and CHUCK MILLER, J. (Sitting by Assignment).

## OPINION ON REMAND

DAUPHINOT, Justice.

Appellant Andrea Louise Headrick was arrested for driving while intoxicated (DWI) but refused to submit to a breath test. The Department of Public Safety (DPS) filed a petition to suspend Appellant's driver's license because of that refusal. The administrative law judge who presided at the suspension hearing concluded that the arresting officer did not have reasonable suspicion to stop Appellant and ordered that DPS was not authorized to suspend her license.

In her subsequent DWI prosecution, Appellant filed an application for a pretrial writ of habeas corpus, claiming that the State was collaterally estopped from relitigating the issues of reasonable suspicion and probable cause, which already had been adjudicated in her favor by the administrative law judge. The trial court denied the habeas corpus relief requested by Appellant, and she appealed. This court affirmed the trial court's order denying pretrial habeas corpus relief.[1] Both Appellant and the State filed petitions for discretionary review. The court of crimi-

nal appeals granted the petitions, vacated our judgment, and remanded the case to us for disposition in accordance with their opinion.[2]

The court of criminal appeals held that collateral estoppel claims not alleging constitutional double jeopardy violations are not cognizable on application for pretrial writ of habeas corpus.[3] Because there is no due process basis, independent of the double jeopardy clause, for the application of collateral estoppel, to prevail on a federal collateral estoppel claim, Appellant must show that her claim would operate to protect her against double jeopardy, which necessarily requires that she was previously placed in jeopardy.[4]

Appellant's collateral estoppel claim does not present a constitutional double jeopardy violation because "even if Appellant were entitled to the relief she seeks, the State would not be prevented from pursuing the pending prosecution for driving while intoxicated."[5] The court of criminal appeals concluded that, under the circumstances of this case, collateral estoppel is an evidentiary issue not properly raised in an application for a pretrial writ of habeas corpus.[6] The court noted that Appellant has an adequate remedy at law and that the proper procedure is to raise the collateral estoppel issue on direct appeal, if she is convicted.[7]

 Because Appellant's collateral estoppel claim does not rise to the level of a constitutional double jeopardy violation, it is not cognizable on application for pretrial writ of habeas corpus. Accordingly, we

1. See Ex parte Headrick, 948 S.W.2d 554, 555 (Tex.App.—Fort Worth 1997), vacated, 988 S.W.2d 226, 229 (Tex.Crim.App.1999).

2. See Headrick v. State, 988 S.W.2d 226, 227, 229 (Tex.Crim.App.1999).

3. See id. at 228.

4. See Ex parte Ueno, 971 S.W.2d 560, 562 (Tex.App.—Dallas 1998, pet. ref'd) (citing Ex parte Robinson, 641 S.W.2d 552, 556 (Tex. Crim.App. [Panel Op.] 1982)).

5. Headrick, 988 S.W.2d at 228; see also Ex parte Tharp, 912 S.W.2d 887, 894 (Tex.App.— Fort Worth 1995) (holding that prosecution for DWI following driver's license suspension does not violate constitutional double jeopardy protections), aff'd, 935 S.W.2d 157 (Tex. Crim.App.1996).

6. See Headrick, 988 S.W.2d at 228.

7. See id. at 228–29.

overrule Appellant's sole point on appeal and affirm the trial court's order denying pretrial habeas corpus relief.[8]

---

8. In determining the correct disposition of this case, it is important not to confuse cognizability with jurisdiction. The question of cognizability simply deals with whether the claim is a proper ground for habeas corpus relief. *See Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998). Even if a claim is not cognizable on habeas corpus, the applicant may appeal the trial court's denial of relief, and the court of appeals would have jurisdiction over the appeal. *See id.* Thus, we believe the proper disposition of this case is to affirm the trial court's order denying relief, as opposed to dismissing the case. *See Ex parte Wilhelm,* 978 S.W.2d 659, 660 (Tex. App.—Fort Worth 1998, no pet.) (on interlocutory appeal from trial court's order denying pretrial relief on claim of collateral estoppel, court affirmed trial court's order denying relief).