COURT
OF APPEALS

                                                    EIGHTH
DISTRICT OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

RAYMUNDO JAIME,                                         )                    No. 
08-01-00195-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                      210th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of El Paso County, Texas

                                                                              )

Appellee.                           )                     (TC# 20010D00146)

 

 

O P I N I O N

 

Appellant
Raymundo Jaime was indicted for aggravated assault
while he was on probation for the offense of driving while intoxicated
(subsequent).  The State sought to revoke
probation, alleging Appellant had committed an aggravated assault and had
violated various conditions of his probation. 
After the trial court denied the motion to revoke, Appellant sought
pretrial habeas relief with regard to the aggravated assault, contending that
collateral estoppel barred his prosecution.  This appeal stems from the trial court=s denial of his pretrial writ of habeas
corpus.  We reverse.

FACTUAL SUMMARY

Raymundo Jaime was convicted of the offense of driving
while intoxicated (subsequent) in September 1999.  He was placed on ten years= probation under certain terms and
conditions.  On January 18, 2001, he was
charged by indictment with an aggravated assault that purportedly occurred on
December 13, 2000.  The indictment
alleged that Appellant:








[D]id then and there
intentionally and knowingly threaten YOLANDA CARPIO with imminent bodily injury
and did then and there use and exhibit a deadly weapon during the commission of
said assault, to-wit:  a motor vehicle, that
in the manner of its use and intended use was capable of causing death and
serious bodily injury, [a]nd it is further presented
that the said Defendant used and exhibited a deadly weapon, to-wit: a motor
vehicle, during the commission of and immediate flight from said offense . . .
.

 

On February 15,
2001, the State filed a motion to revoke probation alleging that Appellant
violated several conditions of his community supervision, including committing
the assault, violating curfew restrictions, failing to fulfill his community
service requirements between May 2000 and January 2001, and operating a motor
vehicle that was not equipped with a device that uses a deep-lung breathing
analysis mechanism.








At
the revocation hearing, the trial judge asked Appellant if he operated a motor
vehicle in violation of his terms of probation. 
Appellant responded that he did not.[1]  Officer Sergio Martinez of the El Paso Police
Department testified that he was on duty December 13, 2000 when he was
dispatched to a call regarding an aggravated assault involving a motor
vehicle.  When Officer Martinez arrived
at the scene, the complainant told him that as she drove on Interstate 10,
Appellant approached from behind in his vehicle and hit her vehicle several
times.  The officer obtained the
complainant=s
statement, went to look for Appellant at his apartment complex, but was unable
to locate him.  As defense counsel began
cross-examination of the officer, the trial judge denied the State=s motion to revoke.[2]  

Thereafter,
Appellant filed a joint writ of habeas corpus and motion to dismiss indictment,
contending that the issue of his operating a motor vehicle on December 13, 2000
was litigated in the revocation hearing. 
Because the State presented no evidence, Appellant argued that the
doctrine of collateral estoppel prohibits the State
from further litigating the issue of whether Appellant was operating a motor
vehicle.   








The
State responded that the court had not made a final determination that the factual
allegation was Anot true@ and because the trial court could deny
the motion to revoke without making a decision on the particular factual
allegation, there was a basis to proceed with the aggravated assault.  The State also claimed to have abandoned the
allegation with regard to the aggravated assault before it went on the record[3]
in the revocation hearing and insisted it was only moving forward at the
hearing on the curfew violation and on the community service hours
violation.  The State further claimed
that an off-the-record discussion about why it would not proceed with the
motion to revoke followed the court=s
oral decision.[4]   

The
trial court issued the following written order: 

The Court FINDS the
allegation that the defendant was driving a motor vehicle on or about December
13, 2000, was litigated in the revocation of probation hearing on February 23,
2001, in Cause 990D03645.  No evidence of
the defendant driving a motor vehicle was presented.  The Court made no specific finding on the
issue, but the motion to revoke was DENIED. 
After consideration of the evidence and argument of counsel, it is the
ORDER of this Court that the defendant=s
Writ of Habeas Corpus, Motion to Dismiss Indictment is DENIED.

 

In
his sole point of error, Appellant contends that because the State failed to
prove at the probation revocation hearing that he drove a motor vehicle on
December 13, 2000, collateral estoppel precludes the
State from re-litigating the issue in the subsequent indictment for aggravated
assault.

STANDARD OF REVIEW








When
reviewing a grant or denial of a motion for writ of habeas corpus, appellate
courts apply an abuse of discretion standard. 
Ex parte Ayers, 921 S.W. 2d 438, 441 (Tex.App.--Houston [1st Dist.] 1996, no pet.); Ex parte Pipkin, 935 S.W.2d 213,
215 (Tex.App.--Amarillo 1996, pet. ref=d). 
The reviewing court accords great deference to the trial court=s findings and conclusions and views
the evidence in a light most favorable to the ruling.  Ex parte Pipkin, 935 S.W.2d at 215.

COGNIZABILITY OF PRETRIAL WRIT
OF HABEAS CORPUS

The
writ of habeas corpus is an extraordinary writ and neither a trial court nor an
appellate court should entertain an application for writ of habeas corpus when
there is an adequate remedy by appeal.  Ex
parte Weise, 55 S.W.3d
617, 619 (Tex.Crim.App. 2001); Ex parte Culver, 932 S.W.2d 207, 210 (Tex.App.--El
Paso 1996, pet. ref=d).  A defendant may raise by pretrial habeas
corpus claims concerning double jeopardy, collateral estoppel,
and bail, because if he were not allowed to do so, those protections would be
undermined if review were not permitted until after conviction.  Ex parte Culver,
932 S.W.2d at 210.  The applicant must
establish his entitlement to habeas corpus relief.  Id.
at 212.  The writ of habeas corpus is not
available where judicial determination of the question presented, even if
resolved in favor of the applicant, would not result in immediate release.  Ex parte Ruby,
403 S.W.2d 129 (Tex.Crim.App. 1966); Headrick v. State, 988 S.W.2d 226, 228 (Tex.Crim.App. 1999).

The
State suggests that we must dismiss Appellant=s
claim because he may not use a pretrial writ and interlocutory appeal to assert
a collateral estoppel claim that does not allege a
constitutional double-jeopardy violation. 
The Court of Criminal Appeals has indeed held that a collateral estoppel claim must allege a double jeopardy violation in
order to be cognizable on a pretrial writ of habeas corpus.  Headrick, 988
S.W.2d at 228.








In
Headrick, the defendant was arrested for
driving while intoxicated.  Id.
at 227.  She was charged by information
for the misdemeanor offense.  Id.  A hearing proceeded before an administrative
law judge who concluded that the Department of Public Safety had failed to
prove the arresting officer had probable cause to stop the defendant.  Id. 
Consequently, Headrick=s
driver=s license
was not suspended.  Id.  She filed a motion to suppress the evidence
in the DWI prosecution, claiming the State was collaterally estopped
from litigating the issues of reasonable suspicion and probable cause due to
the conclusions of the administrative law judge.  Id. 
The motion was denied.  Id.  She then filed an application for writ of
habeas corpus, alleging the administrative finding of Ano
probable cause@ estopped the State from proving that reasonable suspicion
existed to arrest her.  Id.  The Court of Criminal Appeals ultimately
determined that Headrick failed to present a double
jeopardy question and that she had an adequate remedy at law--to raise her pretrial
motion to suppress on direct appeal.  Id.
at 228.








We
find Headrick distinguishable.  We construe Appellant=s
claim as relying upon the doctrine of collateral estoppel
embodied in the double jeopardy clause of the Fifth Amendment.  See Ashe v. Swenson, 397 U.S.
436, 90 S.Ct. 1189, 1194-95, 25 L.Ed.2d 469
(1970).  Unlike the prosecution in Headrick, the State in this case would have been
prevented from pursuing the pending prosecution for aggravated assault if it
were prohibited from re-litigating the factual issue of whether Appellant was
driving a motor vehicle.  A finding that
Appellant was driving a motor vehicle is necessary to obtain a conviction for
the offense of aggravated assault under the indictment.[5]  Because conviction would be impossible
without the fact that he was driving a motor vehicle, Appellant can establish
that he is being unlawfully confined by virtue of the violation of collateral estoppel.  Culver,
932 S.W.2d at 213.  Thus, resolution of
the question presented would result in Appellant=s
immediate release and a writ of habeas corpus is the appropriate vehicle to
raise his claim.

COLLATERAL ESTOPPEL








Having
established that Appellant is permitted to bring his claim through a pretrial
writ application, we must determine whether he is entitled to relief.  Under the doctrine of collateral estoppel, Awhen
an issue of ultimate fact has once been determined by a valid and final
judgment, that issue cannot again be litigated between the same parties in any
future lawsuit.@  Ashe, 397 U.S.
at 443, 90 S.Ct. at 1194, 25 L.Ed.2d 469.  The doctrine must not be applied hypertechnically, but requires that the reviewing court
examine the record to determine what issues have been foreclosed between the
parties.  Id.;
Ex parte Tarver, 725 S.W.2d 195, 198 (Tex.Crim.App. 1986). 
The reviewing court must inquire first, what facts were necessarily
determined in the first proceeding and second, whether the government in the
subsequent proceeding has tried to re-litigate facts necessarily established
against it in the first proceeding.  Culver,
932 S.W.2d at 212.  Facts established in
the first proceeding may not be used in the second proceeding either as
ultimate or as evidentiary facts.  Id.  This rule applies irrespective of whether the
proceeding involved a formal criminal prosecution or a hearing on a motion to
revoke.  Tarver, 725 S.W.2d at
198.  However, a decision to overrule a
motion to revoke does not in and of itself require application of collateral estoppel because a trial court may decide not to revoke for
a variety of reasons unrelated to whether or not the State sufficiently proved
its grounds for revocation.  Id.
at 200.

The
procedural posture in Ex parte Tarver guides
our resolution of the issue presented. 
Tarver was found guilty of possession of cocaine and was granted
probation.  Id.  The following year, he was charged with
assault and the State filed a motion to revoke his probation based on the
allegation that he had violated the terms of his probation by committing the
assault.  Id.  A probation revocation hearing ensued and
after listening to the evidence offered by the State, the trial judge granted
the defense motion to find the allegation Anot
true,@ adding, AI find the evidence in this case to be
totally incredible.@  Tarver, 725 S.W.2d at 198.  The motion to revoke was denied.  Id. 
Tarver then sought a pretrial writ of habeas corpus, seeking dismissal
of the assault charge because the ruling of the district court at the probation
revocation hearing represented a finding that he was not guilty of the charged
assault such that the State was barred from prosecuting him for the same
offense.  Id.  The Tarver court emphasized the
narrowness of its decision to the particular circumstances of the case before it:  AIt
is only in the particular circumstances of this case, where the trial court
does make a specific finding of fact that the allegation is >not true,=
that a fact has been established so as to bar relitigation
of that same fact.@  Tarver, 725 S.W.2d at 200.

Before
collateral estoppel is applied, there must be a
fact-finding which illustrates the basis for the court=s
decision.  Wafer v. State, 58
S.W.3d 138, 141 (Tex.App.--Amarillo 2001, no
pet.).  Next, we apply the Ashe v.
Swenson test used in Tarver:  AHas a fact issue already been
determined, adversely to the State, in a valid and final judgment between the
same parties?  Is the State now trying to
relitigate that same fact issue?@ 
Tarver, 725 S.W.2d at 199.








Here,
the trial judge by written order expressly found that the issue of whether
Appellant was driving a motor vehicle was Alitigated@ in the probation revocation
hearing.  This finding nullifies the
State=s
contention that it had abandoned the aggravated assault as a basis for the
revocation.  More importantly, the judge
found that no evidence of the allegation was presented.  We turn now to the court=s recitation that it had made Ano specific finding@ on the issue.  While the State does not contest that the probation
revocation hearing and aggravated assault prosecution involve the same
issue--whether the appellant drove a motor vehicle--it argues that the issue
was never adjudicated adversely to the State through a final judgment at
the probation revocation hearing.   

We
recognize that the facts before us are slightly different from those presented
in Tarver.  There, the trial court
found Athe
evidence in this case to be totally incredible.@  Tarver, 725 S.W.2d at 198.  Such a statement indicates there was some
evidence presented; it was just totally unworthy of belief.  The court then made a specific finding of Anot true.@  Here, there was no evidence presented
and the trial court entered a specific fact finding to that effect.  Had the order merely stated that the court
made Ano
specific finding on the issue,@
we would likely agree with the State. 
But the specific finding of Ano
evidence@ is
tantamount to finding of Anot
true.@








Consequently,
we reject the State=s
argument and interpret the trial court=s
conclusion that Ano
evidence of the defendant driving a motor vehicle was presented@ as a finding of fact adverse to the
State.  By presenting Ano evidence,@
the State failed to prove that Appellant drove a motor vehicle.  No contrary finding could be made and this is
true regardless of whether the State=s
failure to prove that Appellant was driving a motor vehicle was the basis for
the trial court=s denial
of the motion to revoke.  The State had
the opportunity to present witnesses at the probation revocation hearing and
failed to do so.  It is Anow trying to relitigate
the same fact issue.@  Tarver, 729 S.W.2d at 199.  Because Appellant has demonstrated that a
fact issue had been determined adversely to the State in a final and valid
judgment, the trial court abused its discretion in denying habeas relief.  Point of Error No. One is sustained.  The judgment of the trial court is reversed
and the indictment dismissed.

 

 

August 1, 2002

                                                              
          

ANN CRAWFORD McCLURE, Justice

 

Before Panel
No. 1

Larsen, McClure, and Chew, JJ.

 

(Publish)











[1]  The exchange
at the hearing took place as follows:

 

THE COURT:        Mr. Jaime, you=ve received a copy of the motion to revoke, and the motion
to revoke says that you were placed on DWI probation back in September of >99.  DWI
subsequent, given ten years probation. 
Among the terms were you would not operate a motor vehicle.  Thereafter, you operated a motor vehicle; is
that right?

 

DEFENDANT:      No, sir.

 

THE COURT:        You did not operate a motor vehicle?

 

DEFENDANT:      No,
sir.





[2]  Following the
State=s direct examination of Officer Martinez,
cross-examination by defense counsel took place as follows:

 

Q.                            What apartment did you go to?

 

THE COURT:        Excuse
me.

 

MR. STORCH:      Sir?

 

THE COURT:        You don=t need
anything.  I mean, this is regular
probation so he=s -- he did not make contact.

 

MR. STORCH:      I don=t know
that [he] went to the correct apartment, Your Honor.

 

THE COURT:        That=s
right.  And he -- but he doesn=t recall where he went, any which way.  Go ahead and ask the question.

 

MR. STORCH:      I mean --

 

THE COURT:        You already won the case. 

 

MR. STORCH:      Okay. 
No questions, then.  He, he -- he hasn=t proved anything.

 

THE COURT:        Exactly true.  Okay? 
Motion to revoke denied.  

 

MS. FLYNN:         Thank
you, Your Honor.





[3]  The record, of
course, does not substantiate this contention. 
Even assuming the State=s representation to be accurate, one must wonder why the
first question posed by the trial court was, AThereafter,
you operated a motor vehicle; is that right?@  Moreover, the court later stated, AThe other allegations in addition to operating a
motor vehicle and -- that he failed to be at his residence within curfew --
. . . -- that he did not do community service hours --. @  [Emphasis
added].





[4]  While the
reporter=s record does not reveal this conversation, the clerk=s record contains the State=s form motion to dismiss the motion to revoke
probation.  The form lists nine reasons
the motion is filed.  A check mark
appears beside the first one:

 

  X      1.  The evidence is insufficient.  





[5]  As this court
discussed in Ex parte Culver, the
Fourth Circuit in United States v. Head, 697 F.2d 1200 (4th Cir. 1982),
interpreted the holding in Ashe v. Swenson as limited to its factual
context such that double jeopardy guarantees are not engaged by collateral estoppel which, if applied, would merely restrict proof but
not make conviction impossible.  Culver,
932 S.W.2d at 213.  The Fourth Circuit
determined that there is no constitutional double jeopardy right at stake where
a successful interlocutory appeal from a denial of a collateral estoppel claim Acould
only lessen and not wholly remove the possibility of conviction.@  United States v. Head,
697 S.W.2d at 1205.  In the instant case,
the State argues that Appellant does not assert a double jeopardy claim, but
like the applicant in Headrick, merely states
a claim for the exclusion of evidence by asserting that the State should not be
afforded a second opportunity to present evidence that he drove a motor vehicle
on the date alleged in the indictment. 
The State further argues that if it were not permitted to re-litigate
this issue, the effect would be to simply limit the proof the State can use in
the aggravated assault prosecution, not wholly remove the possibility of
conviction.  However, it is clear that if
collateral estoppel were applied, its effect would be
to prevent conviction on the aggravated assault charge because the issue of
whether Appellant drove a motor vehicle on the date alleged is essential for
conviction.