**Opinion issued June 25, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00819-CR

————————————

**WALTER BUSBY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 10-DCR-055977**

---

## MEMORANDUM OPINION

Appellant, Walter Busby, appeals the trial court's denial of his pretrial application for a writ of habeas corpus. *See* TEX. R. APP. P. 31.

We affirm.

## Background

Appellant is charged with the offense of driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2011). The State alleges that appellant has been twice previously convicted of DWI, which elevates the instant offense to a third-degree felony. *See id.* § 49.09(b). Appellant has been released on $15,000 bond and awaits trial.

The trial court required, as conditions on his bond, that appellant report to the Fort Bend County Community Supervision and Corrections Department, Pre Trial Services Division, ("Department"); that he submit to random alcohol and drug testing; that he install a breath analysis mechanism on his vehicle; and that he pay fees to the Department for monitoring his compliance with the conditions.

On August 5, 2011, the Department moved the trial court to modify the conditions of appellant's bond to include a "Supervision/Administrative Fee" of $ 40.00 per month as a bond condition, payable each month until appellant's case is disposed.

2

At the hearing on the motion, appellant argued that the Department was "attempting to extract a fee" that it lacked statutory authority to impose. As discussed in more detail below, the State responded that Texas Government Code sections 76.011 and 76.015[1] authorize the Department to charge a fee for bond supervision. The trial court concluded that the statutes are broad enough to authorize the fee. The trial court further concluded that, because it had imposed conditions on appellant's bond and had asked the Department to monitor appellant for compliance with those conditions, the court would have to revoke the bond for the safety of the community if the Department is without the resources to monitor appellant's compliance. The trial court granted the motion and ordered that the fee be a condition on appellant's bond, beginning on the date of the order and continuing each month until appellant's case is disposed. Appellant paid the fee.

Appellant then filed an application for a writ of habeas corpus, challenging the trial court's authority to impose the pretrial supervision fee as a condition on his bond. Appellant asserted that he is confined by the imposition of the fee, which is an "unlawful and unauthorized" payment requirement to the Department, and that the fee constitutes a punishment that violates double jeopardy protections.

---

[1]    TEX. GOV'T CODE ANN. § 76.011, .015 (West Supp. 2011).

At the habeas hearing, appellant conceded that Government Code sections 76.011 and 76.015, as amended effective September 1, 2011, now authorize the Department to assess "some fees for" its pretrial services. Appellant complained (1) that any supervision fees charged by the Department are nevertheless predicated on a showing of actual costs, which the Department has not done, and (2) the $40.00 fee charged to appellant on August 5, 2011, which was prior to the statutory amendments, remains unauthorized. The trial court denied relief.

**Standard of Review**

A pretrial writ of habeas corpus is appropriate only in limited circumstances. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005). The writ may be used to challenge the manner of pretrial restraint (*i.e.*, the conditions of bail). *Id.*

A trial court's denial of pretrial habeas corpus relief is immediately appealable. *Id.* Ordinarily, we review a trial court's denial of habeas corpus relief under an abuse of discretion standard. *Ex parte Wheeler*, 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Necessary*, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2010, no pet.). We view the evidence in the light most favorable to the trial court's ruling. *Wheeler*, 203 S.W.3d at 324; *Necessary*, 333 S.W.3d at 787. We afford almost complete deference to the trial court's determination of historical facts supported by the record, especially when those

4

factual findings rely upon an evaluation of credibility and demeanor. *See Necessary*, 333 S.W.3d at 787. Likewise, we afford the same deference to the trial court's rulings on application-of-law-to-fact questions, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* However, if the resolution turns on an application of legal standards, we review the determination de novo. *Id.*

Here, appellant asserts that the trial court misapplied the law. Hence, we review the trial court's denial of pretrial habeas relief de novo. *See id.*

## Applicable Law

Prior to September 1, 2011, Texas Government Code section 76.011 authorized a community supervision and corrections department to operate a program for the supervision and rehabilitation of persons in pretrial *intervention* programs.[2]

As amended, effective September 1, 2011, language was added to Government Code section 76.011 to expressly provide that a community supervision and corrections department may also operate programs for the supervision of persons released on pretrial bail under Code of Criminal Procedure Chapter 17, as

---

[2] *See* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 7.11, 1995 Tex. Gen. Laws 580, 583, *amended by* Act of May 19, 2011, 82nd Leg., R.S., ch. 419, § 1, 2011 Tex. Gen. Laws 1092, 1092–93 (current version at TEX. GOV'T. CODE ANN. art. 76.011 (West Supp. 2011)).

here. TEX. GOV'T CODE ANN. § 76.011(a)(2) (West Supp. 2011); *see* TEX. GOV'T

CODE ANN. § 76.002 (West Supp. 2011) (establishing "departments"); *see also* TEX.

CODE CRIM. PROC. ANN. Ch. 17 (West 2005 & Supp. 2011) (governing bail,

including pretrial bail).

Both before and after the amendments, Government Code Section 76.015 has

allowed a community supervision and corrections department to assess an

administrative fee, as follows:

> (a) A department may collect money from an individual as ordered by a court served by the department regardless of whether the individual is under the department's supervision.
>
> (b) A department that collects money under this section shall promptly transfer the money collected to the appropriate county or state officer.
>
> (c) A department may assess a reasonable administrative fee of not less than $25 and not more than $60[3] per month on an individual who participates in a program operated by the department or receives services from the department and who is not paying a fee under Section 19, Article 42.12, Code of Criminal Procedure [governing community supervision].

TEX. GOV'T CODE ANN. § 76.015 (West Supp. 2011).

## Analysis

The trial court required, as conditions on appellant's pretrial bond, that he

report to the Department, that he submit to random alcohol and drug testing, that he

install a breath analysis mechanism on his vehicle, and that he be monitored for

compliance by the Department. Section 76.015(c) expressly authorizes the

---

[3] The prior version limited the fee to $40.00.

6

Department to impose an administrative fee between $25.00 and $60.00 per month on an individual, as here, who receives services from the Department. *See id.* The record shows that the Department sought to assess against appellant a "Supervision/Administrative Fee" of $ 40.00 per month and that it moved the trial court to make payment of the fee a condition of appellant's bond. The trial court granted the Department's motion and made the payment of the fee a condition on appellant's bond. "It is well established that courts have the inherent power to place restrictive conditions on the granting of bail." *Ex parte Anunobi*, 278 S.W.3d 425, 427 (Tex. App.—San Antonio 2008, no pet.); *see Ex parte Anderer*, 61 S.W.3d 398, 401–02 (Tex. Crim. App. 2001).

At the habeas hearing, appellant conceded that section 76.015, as amended, authorizes the Department to impose *a* fee. Appellant complained, however, that the amount of the fee, $40.00, was arbitrarily set and that, pursuant to Code of Criminal Procedure article 102.012, the Department was required to present evidence of "actual costs."

Article 102.012 governs fees for participation in pretrial intervention programs. TEX. CODE CRIM. PROC. ANN. art. 102.012 (West Supp. 2011). Appellant does not assert, and nothing in the record before us suggests, that he is involved in a pretrial intervention program. The Pretrial Intervention Interview

7

Report in the clerk's record reflects that appellant was "not approved."  The reporter's record of the hearing on the motion to modify the conditions of appellant's bond, which was admitted at the habeas hearing, reflects that appellant's counsel explained to the trial court that a pretrial intervention program involves a written agreement between a defendant and a prosecutor, pursuant to which the defendant agrees to perform conditions imposed by the prosecutor in exchange for the prosecutor agreeing to dismiss the case.  Counsel asserted that appellant is not in a pretrial intervention program.  Hence, article 102.012, which governs pretrial intervention programs, does not apply.  Further, the "actual costs" language was eliminated from the statute in the 2005 amendment.[4]

Appellant has not demonstrated that he is entitled to habeas relief on this point.

Next, appellant complains that the Department had no statutory authority to assess the fee against him on August 5, 2011 because the prior version of section 76.011 did not provide for pretrial supervision programs.

Prior to being amended effective September 1, 2011, Government Code section 76.011(a) provided that "[t]he department may operate programs for the

---

[4]     *See* Act of June 18, 1990, 71st Leg., 6th C.S., ch. 25, § 20, 1995 Tex. Gen. Laws 108, 126, *amended by* Act of May 5, 2005, 79th Leg., R.S., ch. 91, § 2, 2005 Tex. Gen. Laws 150, 150 (current version at TEX. CODE CRIM. PROC. ANN. art. 102.012 (West Supp. 2011)).

supervision and rehabilitation of persons in pretrial *intervention* programs."
(emphasis added). At the hearing on the motion, the transcript of which was
admitted into evidence at the habeas hearing, appellant argued that the statute
authorized the Department to operate pretrial intervention programs, but it did not
authorize the Department to operate programs to monitor defendants on pretrial
supervision, as is appellant. Thus, argued appellant, there was no authorization for
the Department to charge the fee provided under section 76.015. *See* TEX. GOV'T
CODE ANN. § 76.015(c).

We do not reach the issue of the August 5, 2011 fee. To be entitled to habeas
relief, an applicant must be illegally restrained. *Headrick v. State*, 988 S.W.2d 226,
228 (Tex. Crim. App. 1999). Habeas corpus relief is not appropriate when a
resolution of the question presented, even if resolved in favor of the applicant, would
not result in his immediate release. *Id.* Here, even if we were to resolve in
appellant's favor the question of whether the fee charged and paid August 5, 2011
was statutorily authorized, such outcome would not result in his release.

Finally, by his petition for habeas relief, appellant asserted that the trial
court's action of making the payment of the administrative fee a condition of his
bond violated protections against double jeopardy because appellant was being

9

punished before being tried for the offense. Appellant did not develop this argument in his application or at any hearing in the record before us.

## Conclusion

We cannot conclude that the trial court erred by denying appellant's application for a pretrial writ of habeas corpus. Accordingly, we affirm the trial court's order.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).