

NUMBER 13-15-00347-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### EX PARTE DIMAS SALAS RODRIGUEZ

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Chief Justice Valdez**

By one issue, appellant Dimas Salas Rodriguez appeals the trial court's order denying his application for pretrial writ of habeas corpus. We affirm.

## I.    Background

Rodriguez was arrested for driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2015 R.S.). The arresting officer searched Rodriguez incident to his arrest and found cocaine. The State charged Rodriguez with (1) misdemeanor DWI, *see id.*, and (2) felony possession of cocaine with the intent to

deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West, Westlaw through 2015 R.S.). Thereafter, the State dismissed the DWI charge but kept the cocaine charge.

After the State dismissed the DWI charge, Rodriguez filed a motion to suppress the cocaine. However, before the trial court could hear or rule on Rodriguez's motion to suppress, Rodriguez filed a pretrial writ of habeas corpus requesting that the hearing on his motion to suppress be stayed and that the cocaine charge instead be summarily dismissed. Rodriguez asserted that the cocaine charge should be dismissed because the State allegedly "admitted" that the arresting officer lacked probable cause to arrest Rodriguez for DWI, as evidenced by the fact that it dismissed the DWI charge.[1] Rodriguez further asserted that the State lost its "right" to contest his motion to suppress when it dismissed the DWI charge. The trial court denied Rodriguez's pretrial writ of habeas corpus. This interlocutory appeal followed.[2]

## II. Discussion

"Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy." *Ex parte Paxton*, 493 S.W.3d 292, 297 (Tex. App.—Dallas 2016, pet. ref'd) (citing *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016)). This remedy is reserved "for situations in which the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Ex parte Perry*, 483 S.W.3d at 895. Thus, before the merits of Rodriguez's habeas claim may be resolved, we must first determine whether the claim itself is cognizable on a pretrial writ of habeas corpus. *See Ex parte Paxton*, 493 S.W.3d at 297.

---

[1] The State's reason for dismissing the DWI charge is not apparent from the record.

[2] The trial court has not yet heard or ruled on Rodriguez's motion to suppress.

2

As we construe his habeas claim, Rodriguez asserts that the State must "admit" a Fourth Amendment violation in connection with the cocaine charge because it arises from the DWI, which the State dismissed. In other words, Rodriguez argues that the State is estopped to defend the legality of the search in this case because the search was made incident to an illegal arrest for DWI. We understand Rodriguez to be raising a claim of collateral estoppel. *See Ex parte Watkins*, 73 S.W.3d 264, 268 (Tex. Crim. App. 2002) (providing that under doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit"). However, a pretrial application for writ of habeas corpus is not the appropriate procedural vehicle for raising a claim of collateral estoppel unless it is based upon federal constitutional double jeopardy principles. *See id.* at 273.

> When is a collateral estoppel claim based on double jeopardy principles? When [1] the State could, but declines to, join two offenses which arise out of a single transaction and [2] a final verdict or specific factual finding favorable to the defendant in the first prosecution would bar relitigation of the same fact in a second proceeding.

*Id.* Rodriguez makes no assertion that a prosecution on the cocaine charge implicates double jeopardy principles under the standard articulated above. Having reviewed the record and Rodriguez's argument on appeal, we conclude that his claim runs contrary to a finding of cognizability. *See Headrick v. State*, 988 S.W.2d 226, 227 (Tex. Crim. App. 1999) (holding that applicant's collateral estoppel claim was not cognizable on a pretrial writ of habeas corpus because it did not present a double jeopardy question). We therefore overrule Rodriguez's sole issue.

We note that Rodriguez is not without legal recourse with respect to his claim. Rodriguez may litigate the claim through the motion to suppress, which he filed and which

3

remains pending in the trial court. *See id.* Additionally, Rodriguez may raise the denial of his motion to suppress on direct appeal, if convicted. *See Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001) (observing that reviewing courts should not "entertain an application for writ of habeas corpus when there is an adequate remedy by appeal").

### III.     Conclusion

We affirm the trial court's order denying Rodriguez's pretrial writ of habeas corpus.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of December, 2016.