**F I L E D**

IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

12/10/15

**DORIAN E. RAMIREZ, CLERK**

**BY** DTELLO

ACCEPTED
13-15-00076-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
12/10/2015 2:05:13 AM
Dorian E. Ramirez
CLERK

NO. 13-15-00076-CR

RECEIVED

COURT OF APPEALS

FILED IN
3th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
12/10/2015 2:05:13 AM
DORIAN E. RAMIREZ
Clerk

THIRTEENTH DISTRICT OF TEXAS

## STATE OF TEXAS v. MATTHEW AKIN

FROM THE 319TH DISTRICT COURT, NUECES COUNTY, TEXAS
CAUSE NO. 14-CR-4010-G,
THE HONORABLE DAVID STITH PRESIDING

## APPELLEE

John M. Lamerson
Attorney at Law
State Bar No. 24076495
P.O. Box 241
Corpus Christi, TX 78403
Tel: (361) 816-9969
Fax: (866) 935-5634

## ORAL ARGUMENT NOT REQUESTED

APPELLEE'S BRIEF

NO. 13-15-00076-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

STATE OF TEXAS v. MATTHEW AKIN

FROM THE 319TH DISTRICT COURT, NUECES COUNTY, TEXAS
CAUSE NO. 14-CR-4010-G,
THE HONORABLE DAVID STITH PRESIDING

TO THE HONORABLE COURT OF APPEALS:

**NOW COMES**, Defendant, Appellee herein, files and submit his Brief in this appeal from a dismissal of the indictment in the underlying cause, and would respectfully show as follows:

# TABLE OF CONTENTS

Table of Contents ……………………………………… 3

Index of Authorities ……………………………………… 4

Statement of the Case ………………………………………. 6

Issues Presented ………………………………………. 6

Statement of Facts ………………………………………. 7

Summary of the Argument .................................................. 8

Argument ................................................................. 9

Issue 1: The State Did Not Preserve Error at the Trial Court
Stage .................................................... 9

Issue 2: The Trial Court Properly Dismissed the Indictment Based
on Collateral Estoppel/Double Jeopardy Grounds ......... 11

Prayer ...................................................... 17

Certificate of Service ......................................... 18

Certificate of Compliance ..................................... 19

# INDEX OF AUTHORITIES

**Texas Cases:**

*Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.1981 ……….….... 15

*Bell v. State*, 938 S.W.2d 35 (Tex. Crim. App. 1996) ……...…….…... 11

*Dedrick v. State*, 623 S.W.2d 332 (Tex. Cr.App.1981) ……….…. 14

*Ex parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012) …….…….. 15

*Ex parte Ervin*, 991 S.W.2d 804 (Tex.Cr.App. 1999) ……...…….…... 13

*Ex parte Kopecky*, 821 S.W.2d 957 (Tex.Cr.App. 1992) ……….…... 13

*Ex Parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986) ……….…... 14

*Hailey v. State*, 87 S.W.3d 118 (Tex. Crim. App. 2002) ……...….…. 11

*Headrick v. State*, 988 S.W.2d 226 (Tex.Cr.App. 1999) ……….…... 13

*Reynolds v. State*, 4 S.W.3d 13 (Tex. Crim. App. 1999) ……….... 16, 17

*State v. Brabson*, 976 S.W.2d 182 (Tex. Crim. App. 1998) ……....….... 17

*State v. Rhinehart*, 333 S.W. 3d 154 (Tex. Crim. App. 2011) ……….... 11

*State v. Mercado*, 972 S.W.2d 75 (Tex. Crim. App. 1998) ……….…... 11

**Federal Cases:**

*Ashe v. Swenson*, 397 U.S. 436 (1970) …………….................. 12, 13, 14

*Blockburger v. U.S.*, 284 U.S. 299 (1932) …………...…..……..... 12

*Jeffers v. U.S.*, 432 U.S. 137 (1977) ……………..…..……….... 13

*U.S. v. Dixon*, 509 U.S. 688 (1993) ………………..…..……….... 13

*Waller v. Florida*, 397 U.S. 387 (1970)   ...…..……….................... 13, 14

**United States Constitution:**

U.S. CONST. amend. V        …….…..……….…..………………………. 9

**Texas Constitution:**

Tex. Const. Art. I, § 14 …….…..……….…..………………..……. 9

Tex. Const. Art. V, §8  …….…..……….…..………………..……. 9

**Texas Codes:**

Tex. Code of Crim. P. Art. 1.10       …….………..…..……………… 9

Tex. Code of Crim. P. Art. 1.11       …….………..…..……………… 9

Tex. Code of Crim. P. Art. 11.01      …….………..…..……………… 9

Tex. Code of Crim. P. Art. 11.05      …….………..…..……………… 9

Tex. Code of Crim. P. Art. 11.08      …….………..…..……………… 9

Tex. Code of Crim. P. Art. 11.23      …….………..…..……………… 9

Tex. Code of Crim. P. Art. 28.13      …….………..…..……………… 9

## STATEMENT OF THE CASE

Appellee wishes to add the following:

On November 6, 2014, a no-arrest indictment was issued for Matthew Akin, Appellee. Matthew Akin was arrested on December 23, 2014. On December 31, 2014, Defendant filed his Pre-Trial Application for Writ of Habeas Corpus and Motion to Dismiss the Indictment seeking relief from double jeopardy pursuant to Arts. 1.10, 1.11, 11.01, 11.05, 11.08, 11.23 and 28.13 of the Texas Code of Criminal Procedure; Art. I, §14, and Art. V, §8 of the Texas Constitution; and the Fifth Amendment to the United States Constitution. The State did not file any response to this Application or Motion. On January 26, 2015, the trial court granted Defendant's Application/Motion. Despite the fact that it filed no response to defendant's application/motion or in any way preserved error, the state filed its appeal on February 11, 2015.

## ISSUES PRESENTED

***Issue 1: The State Did Not Preserve Error at the Trial Court Stage***

***Issue 2: The Trial Court Properly Dismissed the Indictment Based on Collateral Estoppel/Double Jeopardy Grounds***

## STATEMENT OF FACTS

Appellee wishes to add the following:

On June 3, 2014, it was alleged that Mathew Akin physically and/or verbally/emotionally abused Paul Wolf, a resident of the State School at which Mr. Akin was employed. On November 5, 2014, this incident was investigated and adjudicated by the Texas Health and Human Services Commission in Docket Number 14-0632-P. In said cause, it was determined that the Grievant, Matthew Akin, did not physically and verbally/emotionally abuse the Resident, Paul Wolf. On November 6, 2014, Mathew Akin was indicted for Injury to a Child, Elderly Individual, or Disabled Individual, a Third Degree Felony, which was alleged to have occurred on June 3, 2014. This subsequent indictment charges the Defendant with the same conduct against the same victim as in Docket Number 14-0632-P. The foregoing indictment, and its subsequent dismissal by the trial court, are the subject of this appeal.

## SUMMARY OF ARGUMENT

The State did not preserve any error at the trial court stage as it relates to any of their points of error. They did not file any response to Defendant's Motion to Dismiss, and Motion for Rehearing, or provide any oral argument that would have preserved such error. In the alternative, the trial court properly granted Defendant's Pre-Trial Application for Writ of Habeas Corpus and Motion to Dismiss the Indictment seeking relief from double jeopardy pursuant to Arts. 1.10, 1.11, 11.01, 11.05, 11.08, 11.23 and 28.13 of the *Texas Code of Criminal Procedure*; Art. I, §14, and Art. V, §8 of the *Texas Constitution*; and the Fifth Amendment to the *United States Constitution*, as the prosecution of Matthew Akin by the Nueves County District Attorney's Office was barred by the Double Jeopardy Clauses contained in Art. I, §14 of the Texas Constitution; the Fifth Amendment of the United States Constitution; and Arts. 1.10 and 28.13 of the Texas Code of Criminal Procedure and the related doctrine of collateral estoppel in that the State is seeking to prosecute the Defendant again on discreet factual issues that have already been litigated and decided against the State

## ANALYSIS AND ARGUMENT

### I: The State Did Not Preserve Error at the Trial Court Stage

The State did not preserve any error as it relates to any of their points of error at the trial court stage. Specifically, they did not preserve the argument that a sovereign employer imposes discipline on an employee no different from that permitted by a private employer, double jeopardy is inapplicable. They further did not preserve error that an administrative agency and District Attorney are not the same party for purposes of collateral estoppel.

On December 31, 2014, Defendant filed his Pre-Trial Application for Writ of Habeas Corpus and Motion to Dismiss the Indictment seeking relief from double jeopardy pursuant to Arts. 1.10, 1.11, 11.01, 11.05, 11.08, 11.23 and 28.13 of the Texas Code of Criminal Procedure; Art. I, §14, and Art. V, §8 of the Texas Constitution; and the Fifth Amendment to the United States Constitution. The State did not file any response to this Application or Motion. On January 26, 2015, after minimal argument in which the State did not address any specific arguments or case law, Judge Stith signed the order granting Defendant's Application/Motion. The State did not file a

Motion for New Trial or any other sort of Motion to preserve any error it believed had occurred.

To the extent that the State now makes any argument, Appellee objects that it does not comport with its argument to the trial court. See *Bell v. State*, 938 S.W.2d 35, 54 (Tex. Crim. App. 1996) (explaining that the grounds raised on appeal must comport with the objections made before the trial court). Moreover, a reviewing court cannot reverse the trial court's judgment on grounds not presented to it. *See State v. Rhinehart*, 333 S.W. 3d 154, 162 (Tex. Crim. App. 2011) (stating that "ordinary rules of procedural default" apply to "losing party" in trial court); *Hailey v. State*, 87 S.W.3d 118, 121–22 (Tex. Crim. App. 2002) ("It is well-settled that . . . it violates ordinary notions of procedural default for a Court of Appeals to reverse a trial court's decision on a legal theory not presented to the trial court by the complaining party.") (quotations omitted); *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998) (en banc) ("[I]n cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense."). None of the grounds referenced by the State in their appeal were raised at the trial court level in

any way that could have preserved the error for the Appeals court. Thus, Appellee asks this Honorable Court to overrule the State's issues.

**II: The Trial Court Properly Dismissed the Indictment Based on Collateral Estoppel/Double Jeopardy Grounds**

### A. Collateral Estoppel

If this Honorable Court holds the issue is properly presented, then the trial court properly dismissed the subject indictment based on Collateral Estoppel/Double Jeopardy Grounds. The State correctly points out that In the criminal context, collateral estoppel has two potential bases: constitutional collateral estoppel and issue preclusion. However, the State incorrectly posits to the Court that the Appellee has only raised the issue of constitutional collateral estoppels and not issue preclusion. The plain language of Defendant's Motion to Dismiss raises both bases for dismissal of the subject indictment, and it can be inferred that the trial court dismissed the subject suit based on both grounds.

A comparison of the allegations in the administrative case and the subject indictment reveals that they encompass the same facts and allegations. This means that they are the same offense or contain some of the same elements for double jeopardy and collateral estoppel purposes. *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932); *U.S. v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Ex*

*parte Ervin*, 991 S.W.2d 804 (Tex.Cr.App. 1999); *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Headrick v. State*, 988 S.W.2d 226 (Tex.Cr.App. 1999). Since the State sought to prosecute the Appellee again for conduct already litigated and decided against the State, this subsequent prosecution is barred by the Collateral Estoppel Doctrine of the Double Jeopardy clause.

The Double Jeopardy Clause protects against multiple prosecutions for the same offense. *Jeffers v. U.S.*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Ex parte Kopecky*, 821 S.W.2d 957 (Tex.Cr.App. 1992). The Collateral Estoppel Doctrine provides that when an issue of ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Headrick v. State*, 988 S.W.2d 226 (Tex.Cr.App. 1999).

Despite the State's protestations to the contrary, the fact that the Nueces County District Attorneys' Office and the Texas Health and Human Services Commission are different Texas agencies, one administrative and one a district attorney's office, has no bearing in this analysis. The United States Supreme Court held in *Waller v. Florida*, 397 U.S. 387, 388 (1970), that even though they derived from different constitutional and statutory

sources, "the apt analogy to the relationship between municipal and state governments is to be found in the relationship between the government of a Territory and the Government of the United States." The *Waller* court ruled that "that the Florida courts were in error to the extent of holding that—even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court." *Waller* at 388.

Likewise, the Texas Court of Criminal Appeals has ruled multiple times that collateral estoppel applies even when one of the hearings involved is an administrative hearing. In *Ex Parte Tarver*, 725 S.W.2d 195 (Tex. Crim. App. 1986), the Court held:

> The Supreme Court of the United States has stated that the doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469, 475 (1970). The doctrine is not to be applied hypertechnically, but requires a reviewing court to examine the record to determine just what issue has been foreclosed between the parties. Id. "To state the distinction in more prosaic terms, the traditional bar of double jeopardy prohibits the prosecution of the crime itself, whereas collateral estoppel, in a more modest fashion, simply forbids the government from relitigating certain facts in order to establish the fact of the crime." *Dedrick v. State*, 623 S.W.2d 332, 336 (Tex. Cr.App.1981) (Rehearing denied en banc), quoting *United States v. Mock*, 604 F.2d 341 (CA5 1979).

Applying this test to the instant case, it is clear that a fact issue, i.e. whether applicant assaulted the complainant, has been found adversely to the State. The trial court is the sole trier of fact at a probation revocation hearing. *McDonald*, supra at 199; *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.1981). As such, the district court found that the allegation the State sought to prove in the revocation hearing, that applicant had assaulted the complainant, is not true. The State is now attempting to relitigate that same issue. The doctrine of collateral estoppel bars such a relitigation.

In 2012, the Texas Court of Criminal Appeals re-affirmed *Tarver* in *Ex parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012). In *Doan*, the Court emphasized that the doctrine of collateral estoppels applies as long as there are substantial similarities in issues and procedure. *Doan* at 13. The issues and procedures are identical in the administrative and judicial proceedings in this case. The same factual issues are implicated, and both the State and the Defendant were represented by counsel at the administrative hearing, with a sworn Texas judge presiding over the hearing and over the appeal. The prosecuting authority in the administrative hearing represented the same interests as the State in this present case, as both were alleging the same facts and circumstances. *Doan* at 14.

The Court of Criminal Appeals has held that an administrative adjudication does not necessarily collaterally estopp criminal prosecution.

See *Reynolds v. State*, 4 S.W.3d 13 (Tex. Crim. App. 1999). However, the *Reynolds* holding is distinguishable from this present case. The issue in the *Reynolds* case was whether an adjudication in a licensing hearing collaterally estopped a criminal prosecution for Driving While Intoxicated. The issue in the administrative hearing was whether the Defendant's license could be revoked for failing to give a breath test. The administrative hearing did not involve the issue of whether the driver was intoxicated. Indeed, as the *Reynolds* court held: "To invoke double jeopardy protection, the initial proceeding involved need not necessarily be a criminal 'prosecution,' but it must be 'essentially criminal' in nature." *Reynolds* at 25. In our present case, the issue taken up by the administrative court was whether Mathew Akin physically and verbally/emotionally abused Paul Wolf, the exact same "essentially criminal" issue that is being alleged by the State in this current indictment. As such, the conduct complained of was essentially criminal in nature in both proceedings.

## B. *Brabson*

The State heavily relies on *State v. Brabson*, 976 S.W.2d 182, 187 (Tex. Crim. App. 1998) to support its proposition that an administrative agency and District Attorney are not the same party for purposes of collateral estoppels. However, the facts of *Brabson* are nearly identical to

the facts of *Reynolds*, and can be distinguished for the exact same reasons.  In *Brabson*, as in *Reynolds,* the Defendant was arrested for and eventually charged with driving while intoxicated (DWI), and The Texas Department of Public Safety sought to revoke appellee's driver's license at an administrative hearing.  As in *Reynolds*, the administrative hearing in *Brabson* did not involve the issue of whether the driver was intoxicated, and did not involve the same "essentially criminal" nature as the administrative hearing in this present case, and as such is distinguishable.

Likewise, *Brabson* stands for the proposition that Texas Department of Public Safety and the Dallas County District Attorney are not the same parties.  However, the Court of Criminal Appeals holding is limited to the extent of litigating the issue of probable cause for appellee's arrest at the suppression hearing in the criminal prosecution, and not the final adjudication thereof.  The basis of Appellee's collateral estoppels argument is not the exclusion of certain evidence or the relitigation of certain issues, as was in the issue of *Brabson*, but that the essentially criminal actions complained of by the State has been finally adjudicated in the Appellee's favor.

## PRAYER

Appellee, Matthew Akin, respectfully requests this Honorable Court to affirm the ruling of the trial court.

Respectfully Submitted

John M. Lamerson
The Lamerson Law Firm
State Bar No. 24076495
P.O. Box 241
Corpus Christi, Texas 78403
Telephone: (361) 816-9969
Facsimile: (866) 935-5634
lamersonlawfirm@gmail.com

**By /S/ John Michael Lamerson**
JOHN M. LAMERSON

Attorney for Defendant Matthew Akin

## CERTIFICATE OF SERVICE

I hereby certify that a true, correct, and complete copy of the foregoing was served on all counsel of record via e-filing and via facsimile (361.888.0700) to the Nueces County District Attorney's Office, 901 Leopard Street, Room 206, Corpus Christi, TX 78401 in accordance with the Texas Rules of Appellate Procedure on this day, December 9, 2015.

**/S/ John Michael Lamerson**
JOHN M. LAMERSON

## RULE 9.4(I) CERTIFICATION

In compliance with the Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(I), is **3,001** per the Word software used to write this document.


**/S/ John Michael Lamerson**
JOHN M. LAMERSON